N. E. Vaughan and Wife *v.* H. C. Melone.

**Principal and Agent—Duty of Agent—Adverse Interests.**
> An agent must look after the interests of his principal. It is inconsistent with his duties to purchase his principal's property for his own, benefit.

**Duty of Agent.**
> Nothing short of fraud by the principal or imperative necessity will justify an agent in placing himself in an attitude hostile to his principal's interests.

APPEAL FROM SHELBY CIRCUIT COURT.

June 30, 1874.

Opinion by Judge Lindsay:

Melone neither alleges nor proves that he was induced to enter into the contract with appellants by reason of their assurance that Bates had agreed "to wait on them two years for the debt," nor does he allege or prove that Bates had not so agreed.

Whilst it is no doubt true that Melone intended to befriend Vaughan and wife, it is nevertheless true that by his contract with them he became their agent, charged with the duty of renting out the mortgaged property and of collecting and applying for their benefit, and in satisfaction of their debts, the accruing rents.

He was not bound to protect the mortgaged property by paying Bates judgment; but it was inconsistent with his duties as agent to purchase the property for his own benefit. By doing so he antagonized his interest to that of his principal; and there is nothing in the record tending to show that he was compelled to make the purchase in order to protect himself. His claim against appellants was only about thirteen hundred dollars ($1,300), according to his own showing; and in the absence of proof to the contrary, we may well assume that the one hundred seventeen (117) acres of land was ample indemnity to him, even if he had let the livery stable prop-

erty go; nothing short of fraud by the principal or imperative necessity will justify an agent, who is a *quasi* trustee, in placing himself in an attitude hostile to the interest of his constituent.

Neither fraud nor imperative necessity is shown in this case; Melone has a lien upon the livery stable property for the amount paid on the Bates judgment, also the amount paid in satisfaction of the vendor's lien, and for such balance as may be due him after the account for debts paid under the contract evidenced by the mortgage, and the rents received on the mortgaged property, shall be settled; and if the livery stable property fails to satisfy any portion of the last mentioned claim, these appellants' interest in the 117 acres of land may be subjected to such judgment and also the judgment of reasonable compensation to Melone for his services as agent.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Jeff Brown, A. G. Roberts, for appellants.*

*Harwood, for appellee.*